JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8829 PA (GJSx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Gabriela Cabrera v. Pantip Tumpen dba Uncle Tim's Thai House | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Pantip Tumpen dba Uncle Tim's Thai House ("Defendant") on November 29, 2016. Defendant asserts that this Court has subject matter jurisdiction on the basis the Court's federal question jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains state law claims for violations of California Civil Code sections 51, 54, and 54.1. No federal claim is alleged. Defendant's Notice of Removal alleges, however, that the Complaint's reference to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(b)(2)(A)(iv), is sufficient to raise a question of federal law. Contrary to Defendant's assertion, the Complaint's reference to the ADA does not establish the existence of a federal question. Instead, the only claims asserted in the Complaint are state law claims, and plaintiff has merely alleged that a violation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8829 PA (GJSx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Gabriela Cabrera v. Pantip Tumpen dba Uncle Tim's Thai House | | |

ADA's standards is sufficient to state a claim under the California Civil Code. The Complaint's reference to the ADA does not transform a state law claim into a federal claim when the Complaint has clearly alleged only state law claims. See Duncan, 76 F.3d at 1485. The Court therefore concludes that Defendant's invocation of the Court's federal question jurisdiction is insufficient to establish this Court's subject matter jurisdiction over this matter.

    For the foregoing reasons, Defendant has failed to meet satisfy the burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Pomona Courthouse South, Case No. KC068839. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.